UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH LARIMER, ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-04154 |
| ) | |
| v. ) | |
| ) | |
| DRY INDUSTRIES, INC. d/b/a EVERDRY ) | |
| WATERPROOFING, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Sarah Larimer ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Dry Industries, Inc. d/b/a Everdry Waterproofing ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5. A charge of employment discrimination on the basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Sarah Larimer resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Dry Industries, Inc. d/b/a Everdry Waterproofing, was a corporation doing business in and for DuPage County whose address is 5280 Belmont Road, Suite 1, Downers Grove, IL 60516.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a manager beginning on or around October 28, 2018 until her unlawful termination on the basis of her disability.

12. As a manager, Plaintiff's duties included, but were not limited to, the following: oversee staff and resolve conflicts, accomplish staff results by communicating job expectations, coach and develop employees, and conduct employee reviews and performance evaluations.

13. Plaintiff was qualified for her manager position with Defendant because she had prior experience in the home repair field and in leadership role(s).

14. Plaintiff is disabled because she has epilepsy, a neurological disorder which causes her to periodically experience seizures.

15. Plaintiff's disability substantially limits major life activities such as her ability to control her own movements, resulting in uncontrollable shaking, losing consciousness, and inhibiting speech and hearing.

16. Regardless of Plaintiff's disability or perceived disability, she is able to perform the essential functions of her job with or without accommodations.

17. Plaintiff is a "qualified individual" as defined under the ADA.

18. Plaintiff disclosed her disability to Defendant upon being hired.

19. In or around 2018, Plaintiff engaged in protected activity and requested reasonable accommodation of intermittent leave as a result of disability-related medical concerns and seizures.

20. Plaintiff was provided this accommodation by Defendant until in or around November 2022.

21. On or around November 28, 2022, Plaintiff suffered from a medical emergency as a result of a series of continuous seizures which required hospitalization.

22. In fact, Plaintiff's condition was so severe that she was in the hospital for three (3)

weeks.

23. Throughout Plaintiff's time in the hospital, she periodically updated Defendant via text regarding any changes to her health status which would permit her return to work.

24. Defendant, rather than engage in the interactive process to determine the appropriate accommodation for Plaintiff's disability, effectively denied Plaintiff's reasonable request for time off of work for her disability.

25. On or around December 19, 2022, Plaintiff was discharged and cleared to return to work.

26. However, that same day, Defendant terminated Plaintiff's employment.

27. In short, Defendant failed to accommodate Plaintiff's disability and opted instead to terminate her employment.

28. Other similarly situated employees outside of Plaintiff's protected class (non-disabled individuals) were not subject to the same disparate treatment as Plaintiff.

29. When Plaintiff asked Defendant if she was being terminated as a result of her use of reasonable accommodations for her disability, Defendant told her, "I don't care about that [referring to Plaintiff's epilepsy]. I just need someone here."

30. As such, Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in a protected activity as described above.

31. The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

### COUNT I
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

32. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

33. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

34. Plaintiff met or exceeded performance expectations.

35. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

36. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

37. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

38. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

39. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

40. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

41. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the

Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

43. Plaintiff is a qualified individual with a disability.

44. Defendant was aware of the disability and the need for accommodations.

45. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

46. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

47. Defendant did not accommodate Plaintiff's disability.

48. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

49. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

50. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT III
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

51. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

52. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq*.

53. During Plaintiff's employment with Defendant, Plaintiff requested and utilized reasonable accommodations for her disability.

54. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et*

*seq*.

55. When Plaintiff experienced a disability-related medical emergency, she sought to utilize her approved accommodations but Defendant instead terminated her employment.

56. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting and utilizing accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

57. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

58. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

    h.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of June, 2023.

            /s/ *Mohammed O. Badwan*
            **MOHAMMED O. BADWAN, ESQ.**
            IL Bar No.: 6299011
            **SULAIMAN LAW GROUP LTD.**
            2500 S. Highland Avenue, Suite 200
            Lombard, Illinois 60148
            Phone (630) 575-8180
            Fax (630) 575 - 8188
            mbadwan@sulaimanlaw.com
            *Attorney for Plaintiff*