UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH LARIMER, ) | |
| ) | Case No. 1:23-cv-04154 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Andrea Wood |
| ) | |
| DRY INDUSTRIES, INC. d/b/a ) | |
| EVERDRY WATERPROOFING, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |

## INITIAL JOINT STATUS REPORT

The parties submit the following Initial Status Report pursuant to this Court's Order dated June 30, 2023 (Dkt. 3):

1. **Nature of the Case**
    a. A. Identify the attorneys of record for each party, including the lead trial attorney.

| **Mohammed O. Badwan** (Lead Attorney) | **Kenneth S. McLaughlin, Jr.** (Lead Attorney)* |
|---|---|
| Mohammed O. Badwan | Kenneth S. McLaughlin, Jr. |
| Sulaiman Law Group, Ltd. | Law Offices of McLaughlin & Associates, P.C. |
| 2500 South Highland Avenue, Suite 200 | 1 E. Benton St., Suite 301 |
| Lombard, Illinois 60148 | Aurora, Illinois 60505 |
| (630) 575 - 8180 | (630) 449-4598 |
| mbadwan@sulaimanlaw.com | kmclaughlin@ma-lawpc.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| | *\*Appearance to be filed.* |

   b. **Identify any parties that have not yet been served.**

   All parties have been served in this matter. Defendant was served by process server on July 21, 2023 and Defendant's responsive pleading was due on or before August 11, 2022. As of the date of this filing, Defendant has not entered an appearance or filed a response to Plaintiff's Complaint. Plaintiff's counsel has had communications with Defendant's counsel and granted Defendant an extension of 21 days, until September 1, 2023, to appear and answer or otherwise plead. Based on certain circumstances discussed between the attorneys, Defendant may request an additional brief extension to answer the complaint.

   c. **State the basis for federal jurisdiction.**

Federal questions jurisdiction exists as this lawsuit arises under the laws of the United States, including the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. ("ADA"). The Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

    **d. Describe generally the nature of the claims asserted in the complaint and any counterclaims.**

This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA"), seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Plaintiff claims Defendant failed to accommodate Plaintiff's disability and retaliated against Plaintiff for engaging in a protected activity under the ADA, which Defendant denies.

    **e. State the major legal and factual issues in the case.**

        i. Whether Plaintiff is a member of a protected class(es);

        ii. Whether Plaintiff was performing at Defendant's legitimate expectations;

        iii. Whether Plaintiff suffered an adverse employment action;

        iv. Whether Defendant treated similarly situated employees outside of Plaintiff's protected class(es) more favorably;

        v. Whether Defendant's decision to terminate Plaintiff's employment was pretextual;

        vi. Whether Plaintiff is qualified to perform the essential functions of her job, with or without reasonable accommodation;

        vii. Whether Plaintiff engaged in protected activity;

        viii. Whether the protected activity and adverse employment action are causally connected.

    **f. Describe the relief sought**

        i. Back pay with interest;

        ii. Front pay;

        iii. Loss of benefits;

        iv. Compensatory and punitive damages;

        v. Reasonable attorneys' fees and costs;

        vi. Pre-judgment interest if applicable; and

        vii. All other relief the Court deems just and proper.

**2. Case Plan:**

    **a. Identify all pending motions:** None at this time.

b. **State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**
c. Defendant intends to file an answer and affirmative defenses, if any, but may seek a brief extension of time to do so.

d. **Submit a proposed discovery plan, including the following information:**

   i. **the general type of discovery needed:** The parties anticipate the need for written and oral discovery.

   ii. **whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced:**

   The parties anticipate that discovery will include ESI and agrees on electronic service in native and/or pdf format and do not anticipate any issues at this time.

   iii. **any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d):**

   Plaintiff does not anticipate any issues regarding claims of privilege and does not request any such orders at this time. Defendant may seek protection of any business or financial related documents requested in discovery, to be protected by the court's standard protective order.

   iv. **the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made:** September 29, 2023

   v. **the date by which the parties will complete fact discovery:** January 30, 2024.

   vi. **whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed:** The parties do not anticipate the need for expert discovery at this time.

   vii. **what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted:** None at this time.

  viii. **the date by which the parties must file any dispositive motions:** November 30, 2024

 e. **State whether there has been a jury demand and the estimated length of the trial.** Plaintiff has filed a jury demand and anticipates the probable length of trial will be 5-7 days.

3. **Settlement:**

 a. **State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers.** Settlement discussions have not occurred.

 b. **State whether the parties believe that a settlement conference would be productive at this time.** The parties do not believe that a settlement conference would be productive at this time but do not foreclose the possibility in the future.

4. **Consent to Proceed Before a Magistrate Judge**
 a. **State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do not indicate which parties consented or did not consent.**

 Plaintiff's Counsel has yet to inform his client about the possibility of proceeding before the assigned Magistrate Judge. Plaintiff's counsel will promptly notify Plaintiff of the same. As such, the parties do not unanimously consent to assignment to a Magistrate Judge but have not foreclosed the possibility.

Dated: August 30, 2023         Respectfully Submitted,

                  /s/ *Mohammed O. Badwan*
                  Mohammed O. Badwan, Esq.
                  *Counsel for Plaintiff*
                  Sulaiman Law Group, Ltd.
                  2500 S. Highland Ave., Ste. 200
                  Lombard, IL 60148
                  Phone (630) 575-8180
                  mbadwan@sulaimanlaw.com

                  /s/ *Kenneth S. McLaughlin, Jr.*
                  Kenneth S. McLaughlin, Jr., Esq.
                  *Counsel for Defendant*
                  Law Offices of McLaughlin &

Associates, P.C.
1 E. Benton St., Suite 301
Aurora, IL 60505
Phone (630) 449-4598
kmclaughlin@ma-lawpc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, 2023, a true and correct copy foregoing was filed via the Court's CM/ECF system, effecting service on all parties of record.

/s/Mohammed O. Badwan
**Mohammed O. Badwan**